Gregory B. Smith (USB 6657)
GREG SMITH AND ASSOCIATES
111 East 5600 South #105
Murray, UT 84107
Telephone 801-641-3397
Email:  gs@justiceinutahnow.com

*Attorney for Plaintiff Jeremy Eye*

_____

**IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH — CENTRAL DIVISION**

_____

| | |
|---|---|
| JEREMY EYE, | CASE NO. |
| Plaintiff, | |
| vs. | DEMAND FOR JURY |
| BIOFIRE DIAGNOSTICS LLC, BIOFIRE HOLDINGS and JOHN DOES I-V, | Judge: |
| Defendants. | |

_____

**COMPLAINT**

_____

Plaintiff, Jeremy Eye, by and through his attorney, Gregory B. Smith of Greg Smith & Associates, hereby complains against the above-captioned Defendants, demanding a trial by jury and seeking relief as described below.

I. **PARTIES**

1. Plaintiff is a U.S. citizen residing currently in Salt Lake City, Utah.

2. Defendant BIOFIRE DIAGNOSTICS is a foreign corporation doing business in Utah.[1] BIOFIRE HOLDINGS is the same.[2]

II. **JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to the United States Fair Labor Standards Act (FLSA) of 1938 because of Defendant's failure to properly pay minimum wages and overtime wages. 29 U.S.C. § 203 et seq. (June 25, 1938, ch. 676, § 1, 52 Stat. 1060.)

4. Venue lies in the Unites States District Court for the State of Utah pursuant to 28 U.S.C. § 1391(b) because that best place with regards to the facts (where most, if not all) of the things that pertain to this lawsuit took place), parties, witnesses and evidence.

**FACTUAL ALLEGATIONS**

5. Plaintiff, Jeremy Eye, began working for Defendants on or about May 9, 2016.

---

[1] **Entity Number:** 8998906-0161; **Company Type:** LLC – Foreign; **Address:** 515 COLOROW DRIVE SALT LAKE CITY, UT 84108 ; **State of Origin:** DE; **Registered Agent:** COGENCY GLOBAL INC. ; **Registered Agent Address:** 2005 EAST 2700 SOUTH STE 200; Salt Lake City, UT 84109.

[2] **Entity Number:** 11028820-0143; **Company Type:** Corporation - Foreign – Profit; **Address:** 100 RODOLPHE ST Durham, NC 27712; **State of Origin:** DE; **Registered Agent:** COGENCY GLOBAL **Registered Agent Address:** 2005 East 2700 South STE 200; Salt Lake City, UT 84109

6. Biofire fired Plaintiff on or about February 11, 2019.

7. At all time while Jeremy Eye worked for Defendants, he was a non-exempt employee per the FLSA mandates.

8. Defendants were employers as defined by the FLSA, and

9. come within the jurisdiction of the FLSA.

10. From May 9, 2016 until March 31, 2017, Plaintiff worked 30 hours of overtime per week, but was not paid overtime.

11. From April 1, 2017 until February 10, 2019, Plaintiff worked 9 hours per week of overtime, but was not paid for such.

12. Defendants non-payment of wages per the mandates of the FLSA were willful and intentional.

13. Plaintiff's duties were originally to create a database that reconciled three different duplicate databases.

14. On his first day he was told that he also had to sell warranties.

15. He sold these until the end of March of 2017.

16. Nobody explained to him what the United States Fair Labor Standards Act (FLSA) was.

17. His primary duties (at first) were selling warranties.

18. He spent the rest of 2016 selling warranties and increased warranty sales by 417%.

19. They then cut his pay *retroactively*.

20. This cost him at least $12,000.

21. Defendants then told him that they wanted him to focus on analytics,

22. and Defendants hired a new person to over warranty sales.

23. They stated that he would retain his same level of pay if he moved to the analytics position (salary + 3K bonus per quarter).

24. They did not honor this agreement.

25. He was not paid overtime while doing the new job duties either.

26. While on salary, he was neither given a job description nor a duties list.

27. Since 2017, he provided monthly reporting on sales performance for the company, various forecasting reports, and lots of ad-hoc reports.

28. Late in 2018 after BioFire hired a new manager, Lori Lee, she went on a hiring spree and hired a younger person to be Plaintiff's 'backup' who made less money than Plaintiff.

29. After training her for a few months (less than four or so), on February 11, 2019, BioFire abruptly fired Plaintiff for "ongoing performance issues" with neither warning nor further explanation.

30. Prior to firing Plaintiff, Defendant BioFire had not given him any warning about being fired or that his job performance had been deficient.

31. Linda Brandon, VP of Human Resources, told Plaintiff that - not only were they not going to pay Plaintiff his last check and withheld $2,400 - but also that he owed Defendant an additional $1,203.33, and she demanded that Plaintiff tell her how he was going to pay that back within the next ten days.

32. Defendants failed to pay Plaintiff for at least last 80 eighty hours he worked for them, which put him below minimum wage for that period.

33. Defendants' failure to pay Plaintiff properly also directly resulted in his losing at least $1,200 dollars in money that would have been put in his IRA.

**PRAYER FOR RELIEF**

Plaintiff, Mr. Jeremy Eye, requests this Court award him all damages that are proven at trial, which should include the following:

    A. Compensatory damages under the FLSA and Utah employment and contract laws;

   B. Liquidated damages under the FLSA;

   C. attorney's fees and costs;

   D. other and further relief that is just and appropriate under the circumstances such as pre- and post-judgment interest.

## JURY DEMAND

Pursuant to Rule 38(b) Plaintiff demands a trial by jury.

DATED this 30th day of March 2019.

           Respectfully submitted,

           GREG SMITH AND ASSOCIATES

           /s/ Greg Smith
           *Attorney for Plaintiff*